**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| CHARLENE MAHONEY, DAVID MAHONEY, the conjugal community of which both are members, DAVID LEE MAHONEY AND JAMES MAHONEY, both minors, represented by their parents Charlene Mahoney and David Mahoney<br>　　　　　Plaintiff(s)<br><br><br>　　　　　V.<br><br>ROBERT LEIN SHANKS, JANE DOE SHANKS, the conjugal community of which Robert Lein Shanks and Jane Doe Shanks are members, PALMAS DEL MAR HOMEOWNERS ASSOCIATION, INC., RANGER AMERICAN OF PUERTO RICO, LLC, RENTAL CAR COMPANY 123, UNKNOWN REGISTERED VEHICLE OWNER One Alliance Insurance Corp., INSURANCE COMPANY 123, INSURANCE COMPANY ABC, JANE DOE, RICHARD DOE<br>　　　　　Defendant(s) | CIVIL NO.<br><br><br>RE:<br><br>　　DAMAGES<br><br><br><br>　PLAINTIFFS DEMAND<br>　　TRIAL BY JURY |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COME NOW** plaintiffs, CHARLENE MAHONEY, DAVID MAHONEY, the conjugal community of which both are members, DAVID LEE MAHONEY AND JAMES MAHONEY, both minors, represented by their parents Charlene Mahoney and David Mahoney, through the undersigned legal representation, and very respectfully STATE and PRAY:

A.　　INTRODUCTION

The lawsuit concerns the physical, emotional, moral and patrimonial damages suffered by the plaintiffs as a direct result of the assault committed by Mr. Robert Leins Shanks against the minor David Lee Mahoney, in the residential and tourist complex of Palmas del Mar, in Humacao, Puerto

Rico; after, the rest of the defendants were negligent in the exercise of their duty to ensure the plaintiff´s safety.

B.      JURISDICTION AND VENUE

1.  All the events, actions or omissions giving rise to the claims set forth in this action occurred within the District of Puerto Rico and the Commonwealth of Puerto Rico.

2.  Federal jurisdiction in this case is attained under diversity pursuant to 28 U.S.C.A. §1332.

3.  The matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

C.      THE PLAINTIFS

4.  CHARLENE MAHONEY and DAVID MAHONEY are of legal age, married to each other, business owners and, at the time of the incident, were residents of Urb. Sunrise E-20, Palmas del Mar, Humacao, Puerto Rico, 00741. Their phone number is 310-871-5430 and their email is: cmahoney@rockstarstaffing.com. The conjugal community of which both are members is also a plaintiff in this case.

5.  DAVID LEE MAHONEY was born on October 15th, 2008 is currently sixteen years old, homeschooled and lives with his parents, Charlene and David Mahoney.

6.  JAMES MAHONEY is David Lee Mahoney´s younger brother and he also lives with his parents, Charlene and David Mahoney.

7.  Both minors appear represented by their parents Charlene Mahoney and David Mahoney,

D.      THE DEFENDANTS

8.  ROBERT LEIN SHANKS is of legal age, real estate agent and resident of Missouri, USA. His last known address is  2749 Whitecreek LN, Imperial, MO 63052-4358; his telephone number is (314) 606-5592  and email: shanksrealestate@gmail.com.

9.  The defendant Robert Lein Shanks is not domiciled or a resident of the Commonwealth of Puerto Rico.

COMPLAINT
MAHONEY VS. SHANKS

10. The defendant Robert Lein Shanks is also known as Bobby Shanks.

11. JANE DOE SHANKS is the fictitious name of co-plaintiff Robert Lein Shein's wife, whose name is unknown currently and who is also listed as a defendant, along with their joint property partnership.

12. As the defendant's wife, JANE DOE SHANKS and the joint property partnership must answer for the negligent acts committed by Robert Lein Shanks.

13. PALMAS DEL MAR HOMEOWNERS ASSOCIATION, INC. is a corporation registered and recorded in the Registry of Corporations of the Department of State of the Commonwealth of Puerto Rico, under registration number 6532, with the capacity to sue and be sued, whose physical address is: 5 Academy Drive Humacao, PR 00971, postal address: PO Box 9027 Humacao, PR 00791 and telephone: (787) 285-6425.

14. Palmas del Mar Homeowners Association, Inc. ("PDMHOA") is the owner and responsible for maintaining and providing security to the roads, streets and paths located within the Palmas del Mar community in Humacao, P.R., including the road where the assault that resulted in the damages claimed in this lawsuit occurred.

15. RANGER AMERICAN OF PUERTO RICO, LLC (hereinafter, "Ranger American"), is a for-profit corporation organized under the laws of the Commonwealth of Puerto Rico that is dedicated, among other things, to providing security, protection, surveillance and all management related to security, surveillance and protection, including the road where the assault that resulted in the damages claimed in this lawsuit occurred.

16. RANGER AMERICAN known mailing address is: 1.4 P.O. Box 29105 San Juan, P.R. 00926-0105; and, their known physical address is: Calle Lodi #605 Villa Capri 65 de Infantería San Juan, P.R. 00929.

4

COMPLAINT
MAHONEY VS. SHANKS

17. ONE ALLIANCE INSURANCE CORP. ("One Alliance") is an insurance company organized under the laws of the Commonwealth of Puerto Rico that had on the date of the events that motivate this action, in full force and effect, an insurance policy to respond for the negligent acts of its insured PDMHOA, which will be described later. One Alliance known address is: 221 Plaza, 221, Ponce de Leon Avenue, Hato Rey, 00917.

18. One Alliance is brought into this lawsuit pursuant to the direct action contained in Section 20.030 of the Insurance Code of Puerto Rico. 26 L.P.R.A. § 2003.

19. RENTAL CAR COMPANY 123 is the fictitious name given to the rental company of the motor vehicle that defendant Robert Lein Shanks used to transport himself and to assault the minor DLM. The real and complete name of the rental car company is currently unknown.

20. UNKNOWN REGISTERED VEHICLE OWNER is the fictitious name given to the registered owner of the motor vehicle that defendant Robert Lein Shanks used to transport himself and to assault the minor DLM. The real and complete name of the registered vehicle owner is currently unknown.

21. INSURANCE COMPANY 123 and INSURANTE COMPANY ABC, are liable to the plaintiffs for all damages suffered by the latter, as these insurance companies have issued an insurance policy for the insured defendants, covering the risks specified in this complaint. These companies are designated by fictitious names as their names are unknown at present.

22. JANE DOE and RICHARD DOE are natural or legal persons who are liable to the plaintiff for all damages suffered by them. They are referred to by fictitious names because their names are currently unknown.

E.    THE FACTS

23. On November 5th, 2023, David Lee Mahoney (also referred to as "the minor") was riding in his parent´s golf cart on Candelero Drive, heading toward Las Palmas Drive in Palmas del Mar, Humacao, PR.

COMPLAINT
MAHONEY VS. SHANKS

24. While driving, David Lee Mahoney attempted to pass the vehicle in front of him when he realized that another car was coming in the opposite direction, so he was forced to cut in front of the car that was being driven by a daughter of the defendant Robert Lein Shanks.

25. Upon realizing what had happened, the defendant began to yell at the minor and to threaten him, shouting repeatedly "*I'm going to kill you!*".

26. Shortly afterward, the minor stopped in the grass area when defendant Robert Lein Shein intercepted him and impacted the minor´s golf cart with his golf cart.

27. The defendant Robert Lein Shein got out of his golf cart, punched the minor, grabbed him by the neck and threw him to the ground.

28. The defendant Robert Lein Shein also grabbed the minor's golf cart keys and threw them away. The keys were never recovered.

29. While the defendant Robert Lein Shein was assaulting the minor, he continued to yell at him: "*I'm going to kill you!*".

30. A security guard from one of the housing complexes witnessed the assault incident and intervened to stop defendant Robert Lein Shein from further assaulting the minor.

31. The boy's parents took him to the hospital to have his condition and the extent of the assault checked.

32. At the time of the assault, the minor was fifteen (15) years old and his aggressor, Robert Lein Shein, was forty eight (48) years old.

33. Agent Astacio, License Plate No. 34726 of the Humacao District, filed Complaint 2023-4-036-8351, regarding the assault committed by the defendant against the minor David Lee Mahoney.

34. Although Mr. Shanks admitted his assault to a security officer, he left Puerto Rico the following day.

COMPLAINT
MAHONEY VS. SHANKS

F.     THE DAMAGES

35. The defendants' negligence caused emotional, moral and patrimonial damages to the plaintiffs.

36. As a result of the assault, the minor felt pain in his body, head and neck.

37. Mr. Shanks' aggressive behaviour caused the minor David Lee Mahoney to feel constant fear, anxiety and a sense of persecution.

38. The minor lost his desire to leave his home and enjoy the outdoors, for fear of the death threats directed at him by the defendant.

39. The minor began having trouble sleeping and nightmares; he was shaky, nervous, and had to be medicated for PTSD and anxiety attacks.

40.  The co-plaintiffs had planned for their children to begin studying at Palmas Academy, but fearing that their children would not be safe in the community and would be exposed to additional situations of risk and lack of security, they decided to continue educating them at home.

41. James Mahoney has been affected emotionally by seeing his older brother struggling to sleep, sad and suffering from anxiety. He also suffered because the family's school plan was disrupted as a result of the assault.

42. Charlene Mahoney and David Mahoney suffered deeply when they learned that their son had been assaulted by an adult and had been death threatened.

43. All of the plaintiffs have suffered feelings of helplessness, pain and distress due to the terrible situation to which defendant Shanks subjected the minor.

44. The plaintiffs, as a family, have suffered because of the assault committed by Mr. Shanks .

45. The  emotional situation created by the defendants altered the plaintiff´s daily lives, as well as their life plans in the community that they chose to live, under the expectation that it was an exclusive neighbourhood that was safe to live in.

COMPLAINT
MAHONEY VS. SHANKS

46. Plaintiffs feel restless and unsafe due to co-defendants' failure to provide safe areas, free from assaults such as the one committed by defendant Shanks against David Lee Mahoney.

47. As a direct result of the assault that defendant Robert Lein Shanks committed against the minor, plaintiff incurred in expenses exceeding FIFTEEN THOUSAND DOLLARS ($15,000), including the following:

   a) Medications for the assaulted minor.

   b) Medical evaluation.

   c) Therapies.

   d) Replacement of keys thrown away by defendant.

   e) Repairs of damage to the golf cart hit by the defendant.

48. The emotional and moral damages that the defendants caused to the plaintiffs are valued at FOUR HUNDRED THOUSAND DOLLARS ($400,000.00).

49. The defendants have caused the plaintiffs to incur in legal expenses, including attorney fees, for which they request no less than FIFTEEN THOUSAND DOLLARS ($15,000.00).

   G.     THE RESPONSABILITY

50. All defendants are fully liable for the plaintiff's damages, pursuant to Articles 1536, 1539, et al. of the Civil Code of Puerto Rico 2020, Act No. 55 of June 1, 2020, and other applicable legislation and jurisprudence.

51. The owner of any motor vehicle shall be liable for any damages caused by the operation of said vehicle, regardless of fault or negligence. 9 L.P.R.A. § 5621.

52. All damages suffered by the plaintiffs were due directly and exclusively to the negligence of the defendants, who are called to answer for them.

   H.     THE NEGLIGENCE

53. Defendant Robert Lein Shanks drove his vehicle in a reckless and negligent manner, with serious disregard for life, safety and property, and with the deliberate intent to harm the minor.

COMPLAINT
MAHONEY VS. SHANKS

54. Defendant Robert Lein Shanks committed an unlawful act when he physically attacked a minor.

55. PDMHOA had jurisdiction, control, management and the duty of maintenance and/or are responsible for any act or omission in the administration and/or maintenance of the place where the assault occurred that gives rise to this claim and/or are primarily, directly and jointly liable for all damages caused to the plaintiff.

56. PDMHOA and RANGER AMERICA were responsible for maintaining and providing security to the roads, streets and paths located within the Palmas del Mar community in Humacao, P.R., including the road where the assault that resulted in the damages claimed in this lawsuit occurred.

57. RANGER AMERICAN failed to provide security, protection and surveillance to all areas, including the road where the co-defendant assaulted the minor David Lee Mahoney.

58. PDMHOA and RANGER AMERICA had a duty to coordinate and make efforts to prevent danger in the area under their control, maintenance and jurisdiction, such as placing notices, signs or materials to prevent illegal acts, such as assaults.

59. PDMHOA and RANGER AMERICA failed to exercise their duty of vigilance and to reasonable care to maintain the security of areas accessible to the public, thereby preventing harm to their residents.

60. It was foreseeable that, by not making safety efforts in the event of any dangerous situation, an assault, like the one suffered by the minor, would occur.

61. The defendants had to be aware of prior criminal incidents in the area under their domain and/or control, including assaults, so a prudent and reasonable person could anticipate the occurrence of such acts. Therefore, the defendants had a duty to provide reasonable and adequate security and precautions to prevent these acts. They failed to do so.

COMPLAINT
MAHONEY VS. SHANKS

62. As a security company contracted precisely to provide protection and security, RANGER AMERICAN had all the obligations described in the previous paragraphs, as well as those imposed by the current rule of law. They did not comply with them.

63. All defendants whose names are fictitious and/or unknown had all the obligations described in the previous paragraphs, as well as those imposed by the current rule of law. They did not comply with them.

64. If the defendants had taken the necessary safety and foresight measures, the assault suffered by the minor would certainly not have occurred.

65. RENTAL CAR COMPANY and UNKNOWN REGISTERED VEHICLE OWNER are jointly liable to the plaintiff as registered owners of the motor vehicle that hit the minor and caused multiple damages due to the negligent action of the defendant Robert Lein Shanks.

66. RENTAL CAR COMPANY and UNKNOWN REGISTERED VEHICLE OWNER are jointly liable to the plaintiff as registered owners of the motor vehicle for having authorized the defendant Robert Lein Shanks to use their motor vehicle.

67. The person who, through fault or negligence, causes damage to another, is obliged to repair it.

68. The failure of all defendants to comply with the duties described above makes them responsible for all damages occurring due to their omission.

69. All defendants are jointly responsible for the damages suffered by the plaintiffs and, in the same way, are responsible for compensating them financially.

I.       PRESCRIPTIVE TERM

70. The events that caused the damages for which the plaintiff is seeking compensation occurred on 5 November 2023.

71. Since 2024 is a leap year, the statute of limitations applicable to this case expires on Tuesday, November 5, which, being the day of the general elections, is moved to Wednesday, November 6th, 2024.

COMPLAINT
MAHONEY VS. SHANKS

72. On November 4, 2024, the plaintiffs interrupted the statute of limitations by filing a lawsuit in the state court, which was identified as Civil Case HU2024CV01680. However, on June 30, 2025, the plaintiffs filed their notice of withdrawal without prejudice, and a judgment was issued to that effect that same day.

73. The filing of a legal claim interrupts and freezes the prescriptive period, if the action was filed in a timely and effective manner, so that the new period will begin when the legal process effectively concludes. *Diaz Santiago vs. International Textiles*, 195 DPR 862 (2016).

74. As of today, one (1) year has not elapsed since the date on which Civil Case HU2024CV01680 effectively concluded.

75. "*The courts have held that, although the father or guardian has initiated the action on behalf of the minor, the prescriptive period does not run against the incapacitated person until he has personally attained full legal capacity.*" *Marquez vs. De San Juan*, 85 DPR 559 (1962).

76. Co-plaintiffs DAVID LEE MAHONEY and JAMES MAHONEY are both minors and have not personally attained full legal capacity.

J. SECOND CAUSE OF ACTION

77. Pursuant to Rule 44.1(d) of the Rule of Civil Procedure of the Commonwealth of Puerto Rico, 32 L.P.R.A. Ap. III, R.44, a party adjudged obstinate in the conduct of litigation must pay from the date of the filing of the complaint.

78. The defendants have been obstinate and, upon defending against this lawsuit, will continue to incur in obstinacy.

79.  The Mahoney family are entitled to reasonable attorney's fees and interest from the date of the filing of the Complaint.

80. Trial by jury is demanded by the Plaintiffs.

COMPLAINT
MAHONEY VS. SHANKS

J.     RESERVE

81. Plaintiff reserves the right to amend the Complaint if the existence of other damages not known at the time of filing the Complaint is confirmed.

WHEREFORE, Plaintiffs respectfully prays this Honorable Court GRANT this Complaint in its entirety and ENTER JUDGMENT, ordering payment to Plaintiff in the amount of FOUR HUNDRED AND THIRTHY THOUSAND DOLLARES ($430,000.00), as compensation for the damages suffered, including attorney's fees, plus costs, interest from the date of filing of the Complaint.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico on June, 30th 2026.

**IT IS HEREBY CERTIFIED** that, on this same date, the foregoing document has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

**BARROSO-ROSARIO LAW OFFICES**
Attorney for Plaintiffs
252 Ave Ponce De Leon
Suite 2000
San Juan, Puerto Rico 00918
T. (787)640-0350

*S/ Omar A. Barroso-Rosario*

oab@barrosorosariolaw.com
USDC-PR 309201